UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

EDWARD NATHANIEL CARLTON,

        Plaintiff,                  Case No. 1:07-cv-398

v.                                            Honorable Robert Holmes Bell

ELLEN MAY SMITH et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed because his claims are time-barred.

### Procedural History and Factual Allegations

Plaintiff is incarcerated in the Carson City Correctional Facility, but the events giving rise to Plaintiff's complaint occurred while he was incarcerated at the Lakeland Correctional Facility (LCF). In his *pro se* complaint, he sues the following LCF employees: Warden Carol Howes,

Deputy Warden Bonita Hoffner, Food Services Director Gregory Hissong, Food Services Supervisor Ellen May Smith; Resident Unit Manager Mary Cooley; and Hearing Officer Martin Palus.  This case is re-filing of a previous case filed by Plaintiff on October 21, 2004.  *See Carlton v. Smith*, No. 1:04-cv-708 (W.D. Mich.).  The Court denied Plaintiff leave to proceed *in forma pauperis* because he has "three strikes" within the meaning of 28 U.S.C. § 1915(g).  Plaintiff paid the filing fee to avoid dismissal of his action.  On April 25, 2005, the Court dismissed Plaintiff's action for failure to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).  Plaintiff did not appeal the dismissal of his action.

Plaintiff was assigned to work in Food Service on or about February 27, 2001. Plaintiff claims that Defendant Hissong asked Plaintiff and other prisoners to work overtime and promised to pay them for the extra time.  After Plaintiff worked 130 hours of overtime between November 15, 2000 and January 15, 2001, Defendant Hissong reneged on his promise to pay prisoners for their overtime.  Plaintiff grieved the matter.  In response to his grievance, Food Service Director Kelly Murphy instructed Hissong to pay the prisoners.  Plaintiff alleges that he "was paid the partial pay, and the grievance was resolved."  (Compl., at 2, docket #3.)  Plaintiff claims that Hissong retaliated against him for winning his grievance by falsely accusing Plaintiff of smoking in the bathroom, which resulted in Plaintiff losing his $40.00 bonus.

On October 23, 2001, Defendant Smith wrote a major misconduct report against Plaintiff for attempted theft of food items.  Plaintiff claims that the misconduct was written in retaliation for grievances Plaintiff filed against Smith's supervisor, Defendant Hissong.  Plaintiff alleges that Smith told another prisoner, "I am just waiting to catch Carlton in any way I can, to get rid of him."  Defendant Palus conducted the misconduct hearing on November 14, 2001.  Plaintiff

claims that Palus violated his constitutional rights when he added another charge for possession of stolen property without providing any previous notice to Plaintiff. However, according to the Major Misconduct Hearing Report (Ex. #22, docket #3), Plaintiff was convicted of only one charge for attempted theft. He was sanctioned with seven days of "toplock" from November 16-23, 2001. Plaintiff alleges that he wrote a letter to Defendant Howes complaining about the retaliatory misconduct, but Howes failed to take corrective action.

On December 3, 2001, Plaintiff received a memorandum from Defendant Hoffner stating that because Plaintiff was terminated from his work assignment as the result of a misconduct for theft, he was being placed on "work/assignment restriction" for a minimum of thirty days. During that time, Plaintiff was not permitted to engage in most out-of-cell activities between 8:00 a.m. and 4:00 p.m. on week days. Plaintiff contends that his placement on restriction constituted double punishment for the same offense, where he previously was punished with seven days of toplock and was terminated from his employment for the alleged attempted theft. Plaintiff further alleges that Hoffner placed him on restriction in retaliation for Plaintiff's grievances against Hissong. Plaintiff claims that he was transferred to the Lakeland Correctional Facility after being assaulted by another prisoner. According to Plaintiff, the transfer also was retaliatory.

Plaintiff alleges that on February 27, 2003, Defendant Cooley ordered Assistant Resident Unit Supervisor Brenda to write a major misconduct against Plaintiff for theft and possession of stolen property. Plaintiff was found not guilty of the offense. Plaintiff further claims that on June 15, 2003,[1] Defendant Cooley ordered Officer Holt to confiscate all of Plaintiff's hobby

---

[1] In his complaint, Plaintiff states that this event occurred on June 15, 2004. However, it is clear from the other factual allegations in the complaint and the attached grievances concerning the incident that it occurred on June 15, 2003. *See* Compl., at 5; Plaintiff's Exs. 32 & 33 (docket #3).

- 3 -

craft materials and place him in an observation cell. Plaintiff claims that the temperature inside the cell was more than one hundred degrees and that there was no fan or air conditioning. Plaintiff claims that Defendant Howes supported Plaintiff's placement on permanent hobby craft restriction. Plaintiff further claims that Defendant Howes acquiesced in Defendants' conduct by denying his Step II grievances.

For relief, Plaintiff seeks damages of $100,000 from each of the Defendants.

## Discussion

A. **Motion to Proceed *In Forma Pauperis***

The Sixth Circuit has held that "when a prisoner 're-files' a complaint raising the same prison-conditions claims as a complaint that was initially dismissed without prejudice for failure to exhaust under the [Prison Litigation Reform Act], . . . the prisoner need not pay an additional filing fee under 28 U.S.C. § 1914(a)." *Owens v. Keeling*, 461 F.3d 763, 772-73 (6th Cir. 2006). Because the instant action is a re-filing of claims previously dismissed without prejudice for failure to exhaust, Plaintiff is not required to pay a second filing fee under 28 U.S.C. § 1914(a). *See Owens*, 461 F.3d at 772. Accordingly, Plaintiff's motion for leave to proceed *in forma pauperis* (docket #2) should be dismissed as moot.

B. **Statute of Limitations**

State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* MICH. COMP. LAWS § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Accrual of the

claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220.[2] Plaintiff asserts claims arising from 2001 to June 2003. Plaintiff had reason to know of the "harms" done to him at the time they occurred. Hence, his claims accrued between 2001 and June 15, 2003. Plaintiff filed the instant action no earlier than April 26, 2007,[3] more than three years after Plaintiff's claims accrued.

       Where, as here, a plaintiff's claims appear on their face to be barred by the applicable statute of limitations, Michigan law places the burden of proving entitlement to tolling of the statute of limitations on the party claiming it. *See Warren Consolidated Sch. v. W.R. Grace Co.*, 518 N.W.2d 508, 510 (Mich. Ct. App. 1994); *see also Hill v. PBG Mich. L.L.C.*, No. 268692, 2006 WL 2872581, at * 4 (Mich. Ct. App. Oct. 10, 2006). Federal courts follow the State's allocation of burdens in this regard. *See e.g., Harmon v. Patrolman's Benevolent Ass'n of New York*, 199 F. App'x 46, 48 (2d Cir. 2006) ("Under New York Law, Harmon bears the burden of proof to demonstrate that an exception to the statute of limitation applies to his case."); *Knox v. Cook County Sherriff's Police Dep't*, 866 F.2d 905, 907 (7th Cir. 1988). Federal law likewise places the burden

---

[2] 28 U.S.C. § 658 created a "catch-all" limitations period of four years for civil actions arising under federal statute enacted after December 1, 1990. The Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), which applied this federal four-year limitations period to a suit alleging racial discrimination under § 1981 does not apply to prisoner claims under 28 U.S.C. § 1983 because, while § 1983 was amended in 1996, prisoner civil rights actions under § 1983 were not "made possible" by the amended statute. *Id.* at 382.

[3] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner dated his application on April 6, 2007, and it was received by the Court on April 25, 2007. Thus, it must have been handed to prison officials for mailing at some time between April 6 and 25. For purposes of this case, the Court gave Plaintiff the benefit of the earliest possible filing date.

of showing entitlement to tolling on the party claiming it.  *See Wasco Products, Inc. v. Southwall Tech., Inc.*, 435 F.3d 989, 991 (9th Cir. 2006).

For purposes of this report and recommendation, I will assume that the statute of limitations was tolled for the period that Plaintiff's previous civil rights action was pending in this Court.  Plaintiff filed his previous complaint on October 21, 2004 and it remained pending until April 25, 2005.  Plaintiff, therefore, is entitled to 186 days of tolling.  Even with the benefit of tolling during the time that his previous action was pending, the statute of limitations expired on December 15, 2006, for Plaintiff's most recent claim, which arose on June 15, 2003.  Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated.  *See* MICH. COMP. LAWS § 600.5851(9).  Further, it is well-established that ignorance of the law does not warrant equitable tolling of a statute of limitations.  *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir.1991); *Mason v. Dep't of Justice*, No. 01-5701, 2002 WL 1334756, at *2 (6th Cir. June 17, 2002).

A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint does not present a rational basis in law if it is time-barred by the appropriate statute of limitations.  The Sixth Circuit has repeatedly held that when a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint is appropriate.  *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Beach v. Ohio*, No. 03-3187, 2003 WL 22416912, at *1 (6th Cir. Oct. 21, 2003); *Castillo v. Grogan*, No. 02-5294, 2002 WL 31780936, at *1 (6th Cir. Dec. 11, 2002); *Duff v. Yount*, No. 02-5250, 2002 WL 31388756, at *1-2 (6th Cir. Oct. 22, 2002); *Paige v. Pandya*, No. 00-1325, 2000 WL 1828653, at *1-2 (6th Cir. Dec. 5, 2000). Accordingly, Plaintiff's action must be dismissed as frivolous.

**Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c), because Plaintiff's claims are barred by the statute of limitations. Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that Plaintiff's motion for leave to proceed *in forma pauperis* (docket #2) be denied as moot because he is not required to pay a filing fee in this action.

I also recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


Dated:   June 29, 2007           /s/  Joseph G. Scoville
                                 United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).