UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD N. CARLTON,

        Plaintiff,

                                      File No. 1:07-CV-398

v.

                                      HON. ROBERT HOLMES BELL

ELLEN MAY SMITH, et al.,

        Defendants.
        _____/

**ORDER ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On June 28, 2007, United States Magistrate Judge Joseph G. Scoville issued a report and recommendation recommending that Plaintiff Edward N. Carlton's 42 U.S.C. § 1983 prisoner civil rights action be dismissed pursuant to 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c) because his claims are time-barred. (Docket # 6.) Plaintiff filed objections to the report and recommendation on July 12, 2007.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure this Court is required to make a *de novo* review upon the record of those portions of the magistrate's disposition to which specific written objection has been made.

Plaintiff does not contest the Magistrate Judge's determination that the applicable statute of limitations for § 1983 civil rights suits filed in Michigan is three years. Neither does Plaintiff contest the Magistrate Judge's determination that his complaint was filed more

than three years after his claims accrued. Instead, Plaintiff objects to dismissal of his complaint because he contends that he retained an "exception" to the statute of limitations.

Plaintiff is essentially requesting equitable tolling of the statute of limitations. Plaintiff bears the burden of demonstrating that he is entitled to equitable tolling. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). In determining whether equitable tolling is appropriate the Court considers the following factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006) (citing *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001)). "These five factors are not necessarily comprehensive and they are not all relevant in all cases. Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002) (citing *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002)). The Sixth Circuit has cautioned that equitable tolling should be granted sparingly. *Solomon*, 467 F.3d at 933 (citing *Dunlap*, 250 F.3d at 1008-09).

Plaintiff explains that his previous civil rights action asserting the same claims was timely filed and was dismissed without prejudice on April 25, 2005, because it included unexhausted claims. *Carlton v. Smith,* File No. 1:04-CV-708 (Docket # 12). Plaintiff contends that he could not re-file this action until a retroactive change of the law occurred,

2

and that the statute of limitations should accordingly have been tolled until the Supreme Court issued its opinion in *Jones v. Bock*, 127 S. Ct. 910 (2007) (holding that (1) failure to exhaust is an affirmative defense under the PLRA that does not need to be specially plead in a complaint; (2) exhaustion is not per se inadequate simply because a defendant was not named in the grievances; and (3) where a complaint contains both exhausted and unexhausted claims, the court should proceed with the exhausted claims while dismissing the unexhausted claims, rather than dismissing the complaint in its entirety).  *See also Okoro v. Hemingway*, 481 F.3d 873, 874 (6th Cir. 2007) (noting that *Jones v. Bock* reversed prior controlling circuit precedent).

Plaintiff's explanation is not sufficient to suggest that tolling is appropriate under the facts of this case.  After Plaintiff's complaint was dismissed without prejudice because it included both exhausted and unexhausted claims, Plaintiff did not appeal the decision, he did not re-file the complaint with only the exhausted claims, and he does not indicate that he attempted to exhaust the unexhausted claims.  Plaintiff has not shown diligence in pursuing his rights.  Neither has he shown that any other factors weigh in favor of tolling.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the Report and Recommendation of the Magistrate Judge (Docket # 7) are **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation of the Magistrate Judge (Docket # 6) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c).

**IT IS FURTHER ORDERED** that this dismissal shall count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket # 2) is **DENIED AS MOOT** because he is not required to pay a filing fee in this action.

**IT IS FURTHER ORDERED** that the Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).

Date:   October 22, 2007          /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  CHIEF UNITED STATES DISTRICT JUDGE